IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| K.B., a minor, and B.B., a minor, by and through their parents, BRETT BORDERS and LARISA BORDERS<br><br>*Plaintiffs,*<br>v.<br><br>CALLOWAY COUNTY SCHOOL DISTRICT BOARD OF EDUCATION; TRES SETTLE, in his individual capacity and in his official capacity as Superintendent of the Calloway County School District; and VAN PITTMAN, JAY HOUSDEN, SCOTT LOWE, MITCH RYAN, and SHARON BOBO all in their individual capacities and in their capacities as members of the Calloway County School District Board of Education<br><br>*Defendants.* | Case No. 5:21-cv-148 (TBR) |

**REDACTED MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiffs'—K.B. and B.B., both minors, by and through their parents Brett Borders and Larisa Borders—*pro se* Motion for Temporary Restraining Order, (Mot.), Dkt. 3. For the reasons that follow, Plaintiffs' Mot. is **DENIED** without prejudice to filing a motion for a preliminary injunction.

**I.     FACTUAL BACKGROUND**

On September 9, 2021, the Kentucky General Assembly passed a bill that shifted masking decisions to local school boards. *See* Compl., Dkt. 1, ¶ 34. The Calloway County School District chose to keep its mask mandate, requiring "all persons aged 2 and up . . . to wear a face covering indoors regardless of vaccination status." *Id.* Tres Settle, the Superintendent for

Calloway County schools, explained that this decision was made to protect the "health and safety of . . . students and staff" against "the increased spread of the Delta variant of COVID-19." *Id.*

Four-year-old K.B. and eight-year-old B.B. are siblings who reside in the Calloway County School District and are now required to wear a mask while in school. *Id.* ¶¶ 1, 41. The Complaint describes K.B. as "[redacted text]," explaining that she [redacted text]. *Id.* ¶ 41. As a result, the Complaint alleges that K.B. "has shown negligible progress while masked or working with the masked in [redacted text]." *Id.* In contrast, the Complaint calls her brother B.B. "[redacted text]." *Id.* The Complaint alleges that B.B.'s [redacted text] was a "non-issue" prior to the pandemic, but now his teachers are recommending "[redacted text]." *Id.* Furthermore, according to the Complaint both children "[redacted text]." *Id.* Plaintiffs allege that K.B. "[redacted text]" and B.B. "[redacted text]." *Id.*

On October 1, 2021, K.B. and B.B.'s parents filed a *pro se* Complaint and Motion for TRO, requesting the Court set aside the Defendants' mask mandate. At its core, the Plaintiffs' Complaint and Motion for TRO claim that masks are ineffective against Covid-19 and actually increase risks for adverse effects. *Id.* ¶ 38. To support these claims, Plaintiffs provide the court with Stephen E. Petty, "an expert in the field of Industrial Hygiene." *Id.* Petty states that "the effectiveness of a cloth facial covering falls to zero when there is a 3% or more open area in the edges around the sides of the facial covering," and most over-the-counter disposable facial coverings have edge gaps of 10% or more. *Id.* Thus, Petty concludes that masks are ineffective against Covid-19. *Id.* Furthermore, Petty relies a 2021 study to assert that wearing masks "result[s] [in a] measurable drop in oxygen saturation of the blood on one hand and the increase in carbon dioxide on the other, which contributes to an increased noradrenergic stress response,

2

with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." *Id.*

## II. LEGAL STANDARD

To determine whether to grant a temporary restraining order or preliminary injunction, the district court is required to consider four factors: " '(1) the plaintiff['s] likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.' " *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006) (*quoting Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)). "Balancing all four factors is necessary unless fewer are dispositive of the issue." *Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 582 (W.D. Ky. 1988) (*citing In Re DeLorean Motor Co. v. DeLorean*, 755 F.2d 1223, 1228 (6th Cir. 1985)).

## III. DISCUSSION

Plaintiffs claim that the mask mandate violates their: (1) procedural due process rights under the 5th and 14th Amendments, *see id.* at ¶¶ 42–51; (2) substantive due process rights under the 14th Amendment, *see id.* at ¶¶ 52–59; (3) procedural due process rights under the Kentucky Constitution, *see id.* at ¶¶ 60–70; and (4) substantive due process rights under the Kentucky Constitution, *see id.* at ¶¶ 71–82.

The irreparable harm that Plaintiffs claim will result in the absence of injunctive relief is: (1) K.B.'s [redacted text] will suffer; (2) B.B.'s [redacted text] will worsen, unless he receives further assistance; (3) both K.B. and B.B. will experience [redacted text]; and (4) K.B. and B.B., along with every other child wearing a mask, will be at an increased risk for adverse medical effects. *Id.* ¶ 38. These allegations could result in irreparable harm. *C.f. G.S. by & through*

*Schwaigert v. Lee*, No. 21-CV-02552-SHL-ATC, 2021 WL 4268285, at *12 (W.D. Tenn. Sept. 17, 2021) (finding irreparable harm when attending school would put plaintiffs at continued risk of infection). However, Plaintiffs are only entitled to relief if they produce evidence showing that such harm is "*likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) (emphasis in original). Plaintiffs present no evidence about how wearing masks exacerbates K.B.'s and B.B.'s [redacted text]. Rather, the Complaint simply assumes that the children's lack of progression, or in some instances degradation, is attributable to wearing masks. Correlation alone does not make a harm likely enough to entitle the Plaintiffs to injunctive relief.

Plaintiffs do, however, provide evidence of the *possibility* that the masking mandate might cause irreparable medical harms. Plaintiffs' expert—Stephen E. Petty, a Certified Industrial Hygienist, a Certified Safety Professional, and Professional Engineer—directs the Court to a study entitled "Is a Mask That Covers the Mouth and Nose Free from Undesirable Side Effects in Everyday Use and Free of Potential Hazards?" published in April of 2021. Compl. ¶ 38. That study purported to identify "statistically significant adverse effects of masks." Ex. V, Dkt. 1-2, at 24. The study stated that wearing masks causes a "measurable drop in oxygen saturation $O_2$ of the blood on the one hand and the increase in carbon dioxide ($CO_2$) on the other contribute to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase, in some cases also to a significant blood pressure increase." *Id.* at 25.

However, Plaintiffs do not demonstrate that this *possibility* of injury is *likely*. The study cited by Plaintiffs "focused exclusively on the undesirable and negative side effects that can be produced by masks;" it did not consider whether the benefits of masks outweigh their drawbacks. *Id.* at 33. Moreover, the study admitted that "the exact frequency of the described

4

symptom[s] . . . in the mask-using populace remains unclear and cannot be estimated due to insufficient data." *Id.* This limitation diminishes the study's predictive force, meaning that for the purposes of this inquiry the adverse effects of mask wearing are presumed less likely to occur. *See id.*

Additionally, the Court is mindful of the fact that current CDC guidelines recommend mask-wearing in schools. On September 24, 2021, the CDC released a study that analyzed schools in two Arizona counties, Pima and Maricopa, the homes of Tucson and Phoenix, respectively. Jehn M. McCullough, et al., *Association Between K-12 School Mask Policies and School-Associated COVID-19 Outbreaks—Maricopa and Pima Counties, July–August 2021*, CTR. FOR DISEASE CONTROL AND PREVENTION, Sept. 24, 2021, https://www.cdc.gov/mmwr/volumes/70/wr/mm7039e1.htm?s_cid=mm7039e1_w. The researchers were looking for an association between school mask policies and school-associated Covid-19 outbreaks. *Id.* The CDC found that "the odds of a school-associated Covid-19 outbreak in schools without a mask requirement were 3.5 times higher than those in schools with" a mask requirement that was in place when the school year began. *Id.* Although the CDC described this analysis as "crude," it used those findings to "recommend[] universal indoor masking in K-12 schools." *Id.* The CDC explained that "[l]apses in universal masking contribute to Covid-19" and "universal masking, in addition to vaccination[,] . . . remains essential to Covid-19 prevention in K-12 settings." *Id.*

Therefore, Plaintiffs are not entitled to a TRO.

Nevertheless, in the absence of a response from Defendants, the Court concludes that Plaintiffs have established questions about the possibility of a preliminary injunction. Because Plaintiffs might be entitled to preliminary injunctive relief if they make a stronger showing that

they are likely to suffer irreparable harm and succeed on the merits, the Court denies the TRO without prejudice to Plaintiffs filing a motion for preliminary injunction.

Out of an abundance of caution, the Court *sua sponte* redacts portions of its Order and directs the Clerk to seal Plaintiffs' Compl. and Mot. These documents contain personal information about minors' educational development, medical history, and behavioral issues, among other things. The Court takes this step to avoid any undue negative consequence of releasing such information to the public.

Lastly, the Plaintiffs are responsible for having the Defendants served timely with a summons and a copy of the complaint. There has been no proof of service filed. A copy of this order has been mailed to all Defendants at the address noted in the summons. In order to advance this matter, a telephonic conference is set for Wednesday, November 3, 2021, at 11:30 a.m. The goal of the conference is for Defendants' counsel to attend the teleconference in order to expedite this matter. Counsel and parties must call 1-877-848-7030 then give the Access Code 2523122 and #, then when prompted press # again to join the call.

## IV.     CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, Dkt. 3, is **DENIED** without prejudice to filing a motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that the Clerk seal Complaint, Dkt. 1, and its attachments, and Plaintiffs' Motion for Temporary Restraining Order, Dkt. 3, and its attachments. Plaintiffs can file similar documents as a preliminary injunction, placing any personal information about K.B. and B.B. under seal and redacting that same information from any publicly facing documents.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 18, 2021

cc: Brett and Larisa Borders
421 Cook Lane
Murray, KY 42071

cc: Tres Settle
2110 College Farm Road
Murray, KY 42071

cc: Dan (Van) Pittman
2111 Glenwood Drive
Murray, KY 42071

cc: Jay Housden
3563 Locust Grove Road
Murray, KY 42071

cc: Scott Lowe
3870 Van Cleave Road
Murray, KY 42071

cc: Mitch Ryan
275 Brookfield Lane
Murray, KY 42071

cc: Sharon Bobo
1899 Tucker Garland Road
Kirksey, KY 42054