# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH

| | |
|---|---|
| K.B., a minor, and B.B., a minor, by and through their parents, BRETT BORDERS and LARISA BORDERS<br><br>*Plaintiffs,*<br><br>v.<br><br>CALLOWAY COUNTY SCHOOL DISTRICT BOARD OF EDUCATION; TRES SETTLE, in his individual capacity and in his official capacity as Superintendent of the Calloway County School District; and VAN PITTMAN, JAY HOUSDEN, SCOTT LOWE, MITCH RYAN, and SHARON BOBO all in their individual capacities and in their capacities as members of the Calloway County School District Board of Education<br><br>*Defendants.* | Case No. 5:21-cv-148 (TBR) |

## MEMORANDUM OPINION AND ORDER

This matter has been before the Court previously, and the factual background is essentially the same.[1] *See* Memorandum Opinion and Order, Mem. Op. & Order, Dkt. 7, at 1–3. Defendants have since filed a Motion to Dismiss (Mot. to Dismiss), Dkt. 8-1. Plaintiffs responded, requesting leave to amend, (First Resp.), Dkt. 10. The Court granted Plaintiff's request for leave to amend, (Am. Order), Dkt. 13. Plaintiffs then filed an Amended Complaint,

---

[1] There are only two new facts. First, on November 1, 2021, the Calloway County School District lifted its mask mandate, permitting students to choose whether to wear a mask. *See* Reply (Reply), Dkt. 12, at 3 n.2. This raises the possibility that Plaintiffs' claims are now moot. However, because neither party addresses the issue of mootness, and because Plaintiffs' will be dismissed on other grounds, *see infra*, the Court will proceed. This approach is consistent with how other district courts have dealt with similar situations. *See Masika v. Chesapeake Cir. Ct.*, No. 3:16CV1006, 2018 WL 3385178, at *8 n.16 (E.D. Va. July 11, 2018); *see also Brown v. Smith*, No. 09-CV-1222, 2010 WL 1433382, at *1 n.1 (C.D. Ill. Apr. 9, 2010). Additionally, the Court is mindful of the fact that Defendants could reinstate its mask mandate. Second, Plaintiffs now allege that Defendants are reinstating the mask mandate on January 10, 2022. *See* Second Mot. for Preliminary Injunction, (Second Mot. for PI), Dkt. 20.

1

(Am. Compl.), Dkt. 17, in which they added Brett and Larisa Borders as Plaintiffs, while advancing the same claims set forth in the original Complaint.  Defendants have since filed a Motion to Dismiss the Amended Complaint, (Mot. to Dismiss Am. Compl.), Dkt. 18-1.  Plaintiffs have responded, (Second Resp.), Dkt. 21.  Plaintiffs have also filed a Second Motion for Preliminary Injunction, (Second Mot. for PI), Dkt. 20.

For the reasons that follow, Defendants' Mot. to Dismiss, Dkt. 8-1, is **DENIED AS MOOT**, Defendants' Mot. to Dismiss Am. Compl., Dkt. 18, is **GRANTED**, and Plaintiffs' Second Mot. for PI is **DENIED**.

**I.     DISCUSSION**

The Plaintiffs claim that Defendants' mask mandate violates their: (1) procedural due process rights under the 5th and 14th Amendments, *see* Am. Compl. ¶¶ 63–69; (2) substantive due process rights under the 14th Amendment, *see id.* ¶¶ 70–73; (3) procedural due process rights under the Kentucky Constitution, *see id.* ¶¶ 74–84; and (4) substantive due process rights under the Kentucky Constitution, *see id.* ¶¶ 85–96.  On that basis, the Borders parents now seek an order enjoining Defendants from reinstituting a mask mandate, preventing quarantine protocol, preventing testing requirements, and authorizing expedited discovery.  *See* Second Mot. for PI at 1.

To determine whether to grant a preliminary injunction, the district court must consider four factors: " '(1) the plaintiff['s] likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.' " *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).  "Balancing all four

factors is necessary unless fewer are dispositive of the issue." *Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 582 (W.D. Ky. 1988) (citing *In Re DeLorean Motor Co. v. DeLorean*, 755 F.2d 1223, 1228 (6th Cir. 1985)).

The Court addresses each of the necessary factors as they relate to the children's claims and the parents' claims.

## II.   K.B.'s AND B.B.'s CLAIMS

*Likelihood of Success.* Defendants argue that K.B.'s and B.B.'s claims are unlikely to succeed on the merits because the Borders parents "lack standing to bring the present action." Mot. to Dismiss at 4; *see also* Mot. to Dismiss Am. Compl. at 5–7. According to Defendants, the Sixth Circuit prohibits plaintiffs from appearing *pro se* in federal court where interests other than their own are at stake. *See* Mot. to Dismiss at 3 (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)); *see also* Mot. to Dismiss Am. Compl. at 5. And Defendants maintain that this prohibition explicitly applies to parents attempting to proceed *pro se* on behalf of their children. *See* Mot. to Dismiss at 3 (citing *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005)); *see also* Mot. to Dismiss Am. Compl. at 6.

Plaintiffs provide two reasons as to why they think Defendants' analysis is wrong. First, Plaintiffs argue that the parents actually suffered injuries, such as "expending time and resources working with experts and professionals to make th[e] determination" that masks are causing injury to their children. First Resp. at 2. Second, Plaintiffs argue that "access to justice" dictates that they should have standing to represent their children.[2]  *Id.* at 3.

---

[2] Plaintiffs request here that the Court "take judicial notice that the grievances in our complaint are socially, financially, and politically polarizing." First Resp. at 4. The Court refuses to do so. Federal Rule of Evidence 201 permits a court to take judicial notice only of facts "not subject to reasonable dispute . . . ." Fed. R. Evid. 201(b). Plaintiffs' statement is neither a fact nor is it free from reasonable dispute. Therefore, this is not an instance where judicial notice is appropriate.

3

Both of Plaintiffs' reasons are incorrect. To the extent Plaintiffs argue that the parents suffered an injury from Defendants' mask mandate, the parents may proceed *pro se* for those claims only with respect to *their own* injury. However, the parents are currently attempting to proceed *pro se* with respect to *their children's* claims. Two of the named Plaintiffs in this case are K.B. and B.B., both minors, and their claims have been brought "by and through their parents." Am. Compl. at 1. The parents can file a *pro se* lawsuit against Defendants for their own injuries, as they have now done, but that does not permit the parents to include their children's claims in the parents' *pro se* lawsuit.

And to the extent that the parents argue that they do have standing to bring this lawsuit on behalf of their children,[3] the Court is not persuaded. "The Sixth Circuit has repeatedly held that, 'parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.' " *P.M. by & Through Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 1:21 CV 1711, 2021 WL 4148719, at *3 (N.D. Ohio Sept. 13, 2021) (quoting *Shepherd*, 313 F.3d at 970–71) (collecting cases). Such a rule makes sense, because it protects the interests of minors by ensuring that they have adequate representation.[4] *See Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("The rule against

---

[3] Defendants suggest that Plaintiffs might not even be bringing this case on their own. *See* Mot. to Dismiss Am. Compl. at 8 n. 3 ("It appears Plaintiffs have borrowed portions of Mr. Petty's affidavit from another case in a separate jurisdiction."). The Court also notes that a nearly identical Complaint has been filed in the Eastern District of Kentucky. *See N.R. et al., v. Pike Cty. Sch. Dist. Bd. of Educ.*, No. 7:21-cv-78 (E.D. Ky.), though no decision has been rendered in that case. If Plaintiffs are receiving assistance, those helpers must step forward if Plaintiffs' claims are to continue, *see infra*.

[4] Courts fear that non-lawyer parents will be ineffective advocates for their children's claims. However, the Court believes that rigid application of this rule sometimes hurts the rule's intended beneficiaries—the children. Mandating that children be represented by counsel can present problems to low-income families and runs counterintuitive to Fed. R. Civ. P. 17, which is meant to facilitate children's access to courts. *See* Lisa V. Martin, *No Right to Counsel, No Access Without: The Poor Child's Unconstitutional Catch-22*, 71 FLA. L. REV. 831 (2019). That said, the rule here is clear: a parent may not proceed *pro se* without a lawyer on his child's behalf, even as a legal guardian. *See, e.g.*, *Parker v. W. Carroll Sch. Dist.*, No. 1:20-CV-1044-STA-TMP, 2021 WL 71962, at *4 (W.D. Tenn. Jan. 8, 2021) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("While Rule 17(c) permits a parent to bring suit on behalf of her minor child, it does not allow a non-lawyer parent to represent her child in federal court.")).

non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.") (quotations and citations omitted). The cases that Plaintiffs cite do not contravene this well-established rule.[5]

The possibility that Plaintiffs lack standing is a strong indicator that their claim is not likely to succeed on the merits.[6]

***Irreparable Harm.*** Nor have Plaintiffs demonstrated that irreparable harm is "*likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

---

[5] Plaintiffs cite four cases for the proposition that they should be allowed to proceed *pro se* on behalf of their children. But none of those cases are applicable to the circumstances of this case. First, in *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, the Supreme Court held that because "[p]arents enjoy rights under [the Individuals with Disabilities Education Act] IDEA" they are "entitled to prosecute IDEA claims on their own behalf." 550 U.S. 516, 535 (2007). Here, Plaintiffs do not assert a claim under the IDEA. *See* Compl.; *see also* First Resp. Second, in *Pension Benefit Guar. Corp. v. Viking Food Serv., Inc.*, an out-of-circuit district court permitted a corporation to appear through an agent other than an attorney because the agent was a party to the action along with the corporation. No. 93 CIV. 6837 (LMM), 1994 WL 702042, at *1 (S.D.N.Y. Dec. 14, 1994). The facts of *Viking Food Serv., Inc.* are not on point with today's case. *See* Compl.; *see also* First Resp. Third, in *Elustra v. Mineo*, the Seventh Circuit held that a motion should not have been disregarded just because it was not filed by counsel. 595 F.3d 699, 707 (7th Cir. 2010). However, the *Elustra* court limited its holding to the circumstances of that case, i.e., "where the plaintiffs had counsel through the issuance of a judgment, the plaintiffs were briefly without counsel during the very limited time allotted for a Rule 59(e) motion, the next friend filed a Rule 59(e) motion pro se on behalf of the minor children, and then counsel was retained to conduct the Rule 59(e) proceedings and any subsequent appeal of the judgment." *Id.* Unlike the plaintiff in *Elustra*, Plaintiffs here seek to represent their children's interest *pro se* throughout the entirety of the lawsuit. *See* Compl.; *see also* First Resp. Fourth, in *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281 (2d Cir. 2005), the Second Circuit dealt with the issue of non-attorney parents representing their children on appeal. There the court stated: "[i]n our view, the rule that a parent may not represent her child should be applied gingerly." *Id.* at 285. However, there the Second Circuit "conclude[d] that [its] cases prohibiting non-lawyer parents from representing their children apply to appeals to this Court and are too broad and too clear to permit us to hear [this appeal.]" *Id.* at 286. None of these cases stand for the proposition that, in the Sixth Circuit, access to justice dictates that Plaintiffs be able to file this *pro se* lawsuit on behalf of their children.

[6] Elsewhere in their Response, Plaintiffs direct the Court to two more cases. Plaintiffs' reliance on these two cases is best understood as an attempt to demonstrate that they are likely to succeed on the merits. First, Plaintiffs attempt to distinguish *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986), from this case. *See* First Resp. at 4. But this is much ado about nothing. Defendants never cited to *Meeker*, and, regardless, this is an out-of-circuit case that is not binding on the Court. *See* Mot. to Dismiss; *see also* Reply at 10. Second, Plaintiffs rely on *Vibbert v. Vibbert*, 144 S.W.3d 292, 294 (Ky. App. 2004) for the proposition that courts should defer to a fit parent's decision on how to raise their child. *See* First Resp. at 5. However, the Court is making no judgment about the parent's capacity to care for their children; rather, the Court is simply stating that the parents may not engage in the practice of law on behalf of their children. *Cf. Oberheim v. Bason*, No. 4:21-CV-01566, 2021 WL 4478333, at *4 (M.D. Pa. Sept. 30, 2021) ("Although parents possess the right to raise their children as they see fit, they are not entitled to undermine the Government's public health efforts during a global pandemic by refusing to have their children comply with a school masking requirement.").

Plaintiffs first claim that their children's education and development will suffer as a result of Defendants' mask mandate. *See* Am. Compl. ¶¶ 49–50. The Court has found that this alleged harm does little for Plaintiffs' case, because the Complaint "simply assumes that the children's lack of progression, or in some instances degradation, is attributable to wearing masks." Mem. Op. & Order at 4. Plaintiffs have not provided any further evidence in their Response or their Amended Complaint. Just the opposite, in fact. In their Response, Plaintiffs write that "[r]egardless of whether masks are the actual cause of our child's lack of progress, as parents, we are reasonable in our belief that masks might be the cause and that the risks of wearing masks may outweigh the benefits." Resp. at 2. Such conjecture does not suggest that irreparable harm is likely to occur.

Plaintiffs next claim that Defendants' mask mandate puts their children at an increased risk for adverse medical effects. *See* Am. Compl. ¶¶ 48. Here, Plaintiffs demonstrate that such harm is possible. *See id.* However, the Court previously determined that Plaintiffs have not demonstrated that such a "*possibility* of injury is *likely*." Mem. Op. & Order at 4. Over a month after the Court published its prior opinion in this matter, Plaintiffs have yet to further substantiate their claims. The only additional evidence that Plaintiffs provide is a claim that "[d]octors have treated one of [their] children for a bacterial infection caused by wearing a mask." Resp. at 3. This allegation goes further than what was written in the Amended Complaint. *See* Am. Compl. ¶ 52 ("[B]oth K.B. and B.B. have been shown to be more prone to need the use of antibiotics while masked as opposed to unrestricted breathing."). But even if true, an alleged prior bacterial infection does not show that such harm is irreparable or that it is likely to occur again.

Plaintiffs finally argue that Defendants' quarantine policies give rise to irreparable injury by "exclude[ing] [students] from educational opportunities." *See* Second Mot. for PI at 10.

6

However, the parents do not allege that students in quarantine protocol are unable to continue their learning programs, nor do they allege any extenuating circumstances that require their children to be in a classroom 100 percent of the time.  *See Cheema v. Thompson*, 36 F.3d 1102 (9th Cir. 1994) (finding a possibility of irreparable injury if children were not allowed to attend school because "[h]ome schooling is no substitute for in-class education for children like the Cheemas, whose primary language is not English and who thus require daily contact with native speakers in order to build their own language skills"); *see also Charles H. v. D.C.*, No. 1:21-CV-00997 (CJN), 2021 WL 2946127, at *10 (D.D.C. June 16, 2021) (finding irreparable harm was likely when the students only "ha[d] a short window to receive their educational services before they age out of the program or are transferred to another correctional facility").  This calculus might be different if Defendants' policies entirely removed the children from the classroom for an extended, indefinite period of time, but it appears that Defendants' quarantine policies are limited to a narrow, confined period of time.

  ***Substantial Harm to Others.***  As of January 6, 2021, the CDC "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status." *Guidance for COVID-19 Prevention in K-12 Schools*, CTR. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html (last visited Jan. 7, 2022).  The purpose of these mask mandates (like the Defendants') is to prevent serious injury, illness, and death due to COVID-19 and all of the disease's highly contagious variants.  *See id.*  Against this backdrop, siding with Plaintiffs could potentially cause substantial harm to Calloway County School students, teachers, and faculty, as well as the broader community.  *See id.*

*Public Interest.* For the same reasons that enjoining the mask mandate could result in substantial harm to others, ruling in favor of Plaintiffs weighs against the public interest.

For all of all of these reasons, the Court denies without prejudice all of K.B.'s and B.B.'s claims. *See generally Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016) ("Parents cannot appear *pro se* on behalf of their minor children . . . . Thus, the district court should have dismissed [the minor's] claims without prejudice.") (alterations adopted) (internal quotations and citations omitted).

## III. BRETT BORDERS' AND LARISA BORDERS' CLAIMS

Brett and Larisa Borders have added themselves to this lawsuit, alleging that Defendants' mask policy has harmed them as parents. *See* Am. Compl. at 1.

*Likelihood of Success.* Defendants argue that Brett and Larisa Borders lack standing because they have not "demonstrate[d] a 'concrete and particularized' injury that is fairly traceable to the actions of the Defendants' mask mandate and redressable by an order enjoining their conduct." Mot. to Dismiss Am. Compl. at 9. The parents respond that they "experienced stress and anxiety, as well as an increased workload" as a result of Defendants' masking and quarantine policies, as well as "spen[ding] time and money to address" these injuries. Second Resp. at 3. The Court does not address the extent to which the parents might succeed on the merits, because "[b]alancing all four factors is necessary unless fewer are dispositive of the issue." *Katchak*, 690 F. Supp. at 582 (citing *In Re DeLorean Motor Co.*, 755 F.2d at 1228). And here, the Court is able to conclude based on the remaining three factors that the parents are not entitled to injunctive relief.

*Irreparable Harm.* To the extent that the Borders parents argue that wearing a mask will cause them irreparable harm, the analysis is the same as above, *see supra* Part II. In fact, the

8

possibility of irreparable harm is even less here because the Borders parents do not have to wear a mask as frequently as their children.

To the extent that the Borders parents argue irreparable harm results from the "loss of time, money, the ability to travel, liberties, anxiety, educational opportunities, and work hours" "caused" by "Defendants' policies," Am. Compl. ¶ 56, the Court is not persuaded. For much of these alleged harms, money damages would be a sufficient remedy. And if money damages can compensate a plaintiff's harm, then the harm is not irreparable and a preliminary injunction is not warranted. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.1992) ("[A] plaintiff's harm is not irreparable if it is fully compensable by money damages."). Similarly, the parents' claims of anxiety do not rise to the level of irreparable harm. The parents claims "are merely conclusory and not supported by any affidavits or other evidence that would give them credibility." *King v. Harwood*, No. 3:15-CV-762-GNS, 2017 WL 6029633, at *10 (W.D. Ky. Dec. 5, 2017). The parents fail to provide proof of mental stress, such as affidavits or other evidence from a doctor or psychologist. *See id.* And further diluting the irreparability of the parents' alleged harm is the fact that irreparable harm is "not an easy burden to fulfill." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003).

***Substantial Harm to Others & Public Interest.*** The analysis for these factors is the same as above, *see supra* Part II.

For all of all of these reasons, the Court denies Brett Borders' and Larisa Borders' claims.

### IV.   CONCLUSION

For the above stated reasons, Defendants' Mot. to Dismiss, Dkt. 8-1, is **DENIED AS MOOT**, Defendants' Mot. to Dismiss Am. Compl., Dkt. 18, is **GRANTED**, and Plaintiffs' Second Mot. for PI is **DENIED**.

9

A telephonic conference is set for **January 18, 2022**, at **1:00 p.m. CST**. The Court will address scheduling issues as to the remaining claims of the parents, or other issues of the parties, if required. Counsel and parties must call **1-877-848-7030** then give the Ac**cess Code 2523122 and #, then when prompted press # again** to join the call.

**IT IS SO ORDERED**

                                                    **Thomas B. Russell, Senior Judge**
                                                  **United States District Court**

January 10, 2022

cc: Brett and Larisa Borders
421 Cook Lane
Murray, KY 42071